WEBER AND WEBER v. WIGGINS.

**1. NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE.**

Motions for a new trial based upon newly discovered evidence are usually addressed largely to the discretion of the trial court, and that court having passed upon the case in all its aspects, a reviewing court will not interfere with the action of the trial court, especially if it sees no ground for such interference. An exception, in general form, is to be regarded as to the charge as a whole, and not any specified part of a proposition.

**2. LIABILITY OF ONE HELD OUT AS A PARTNER.**

Where a person allows his name to appear upon a sign attached to a building in which the alleged partnership was doing business, such person, even if he had permitted his name to be used and so held himself out as a partner, when in fact he was not a partner, would not create a liability as to him as a partner, in a prosecution under sections 4357 and 4358 Revised Statutes against the alleged partnership.

ERROR to the court of common pleas of Lucas county.

SCRIBNER, J.

On the 27th of December, 1893, Anna Wiggins, the defendant in error, commenced an action in the court of common pleas of Lucas county against Alexander Weber, G. Alexander Weber and Frank E. Weber, under sections 4357 and 4358 of the Revised Statutes of Ohio. I will read the material portions of those sections bearing upon the questions presented:

"Sec. 4357. Every * * * wife * * * injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall, after the giving and during the existence of the notice provided for in the next section, have a right of action in * * * her own name * * * against any person or persons who, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person * * *.

"Sec. 4358. Such * * * wife * * * liable to be so injured by any sale of intoxicating liquors to any person, and desiring to prevent the sale of intoxicating liquors to such person, shall give notice either verbally or in writing, before a witness, to the person or persons so selling or giving the intoxicating liquors, * * * or file with the township or corporation clerk in the township or municipal corporation wherein such intoxicating liquors may be sold, notice to all liquor dealers not to sell to such person any intoxicating liquors from and after ten days from the date of so filing such notice."

An amended petition was filed July 14, 1894, and on the 25th of September, 1894, this amended petition was again amended by interlineation. The plaintiff averred in her petition so amended that ever since the 13th of July, 1871, she had been the wife of one William L. Wiggins; that on or about the 9th day of October, 1893, and on several occasions afterwards, the defendants sold or gave to her husband quantities of intoxicating liquor, whereby her said husband became intoxicated;

Weber and Weber v. Wiggins.

that he was a person in the habit of becoming intoxicated at the time he was furnished with said liquors; that the defendants then had knowledge of his habit in this regard, and that they thereby kept her said husband intoxicated. She averred that on the 21st of September, 1893, she filed with the city clerk of the city of Toledo a notice in writing, which is still on file with said clerk, to all liquor dealers in said city of Toledo, not to sell to her said husband intoxicating liquors; that by reason of said habit her husband squanders all, or nearly all, of his earnings in intoxicating liquors, leaving the plaintiff and her children wholly destitute of the necessaries of life, that he can and does earn good wages, sufficient to provide comfortable support for himself and his family; that by reason of his said habit she is compelled to go out to service to earn the means of supporting herself and her children. She also alleges that when her husband is intoxicated he is brutal and abusive to her and his family, and uses abusive and profane language in the presence of herself and their children; and that by reason of the premises she has been injured in her means of support. She further alleges that she gave personal notice to the defendants about November 14, 1893, similar in character to that above mentioned.

The defendant, Alexander Weber, by separate answer denied each and every allegation in the petition. The defendants, G. Alexander Weber and Frank E. Weber, admit that they were partners in business under the firm name of Alex. Weber's Sons, engaged in the business of selling groceries, tobaccos and liquors, and were so engaged on the 21st day of October, 1893, and have been ever since said time; but they deny all the other allegations of said petition.

The case was tried to the court and a jury at the January term, 1895, of the court of common pleas, and resulted in a verdict for the plaintiff of $300. A motion for a new trial was filed by the defendants, alleging numerous grounds for setting aside the verdict. Upon the hearing of this motion at the same January term, the court, being of the opinion that the verdict was excessive and should be modified in part, the plaintiff, by her counsel, entered a remittitur of the sum of $195, and the court thereupon overruled the motion as to Alexander Weber and G. Alexander Weber, and rendered judgment upon the verdict as to these defendants for the sum of $105, and interest thereon from February 11, 1895, and plaintiff's costs. As to the defendant, Frank E. Weber, a new trial was granted. The defendants, Alexander Weber and G. Alexander Weber, excepted to the ruling of the court and in due time took and filed their bill of exceptions.

Among the grounds alleged in support of the motion for a new trial was this: "For newly discovered evidence material to the defendants' cause, which could not have been discovered with reasonable diligence and produced at the trial." In support of this allegation numerous affidavits were filed and read upon the hearing of the motion. These were met by counter affidavits. These affidavits are attached to the bill of exceptions, but it is quite doubtful whether they can be regarded as part thereof. The language of the bill of exceptions, so far as these affidavits are concerned, is as follows: "In support of said motion (for a new trial) defendants filed sundry affidavits, which are hereby made a part of said motion, and plaintiff, by her counsel, filed other affidavits to maintain the issues on her part with reference to said motion, which are likewise made a part of said proceeding." This is all the bill of exceptions contains on the subject. Ordinarily, we would understand this language to

imply that the affidavits were made a part of the motion filed for a new trial, and not a part of the bill of exceptions. However this may be, motions for a new trial based upon newly discovered evidence are usually a dressed largely to the discretion of the trial court, and that court having passed upon the case in all its aspects, we are not disposed to interfere with its action, especially as we see no ground for such interference.

These defendants also assigned in their motion for a new trial this ground: "The court erred in charging the jury." We find no exception noted to the charge of the court except one in this general form: "To each and every of which defendants, Alexander Weber and G. Alexander Weber, by their counsel, then and there severally and separately excepted." This is to be regarded as an exception to the charge as a whole, and not an exception to any particular or specific part of a proposition given to the jury by the court. We have carefully examined the charge, and find that it contains no error.

It has been before stated that the defendant, Alexander Weber, by his answer positively denied all the allegations of the petition. An examination of the record satisfies us that the allegations of this answer are true, and that the plaintiff entirely failed to make a case against him. There was testimony tending to show that his name appeared upon one of the signs attached to the building in which the firm was doing business, as a partner; there was also evidence tending strongly to negative this claim. But even if he had permitted his name to be used, and so held himself out as a partner when in fact he was not a partner, this would not create a liability in this case as to him as a partner. As to him, therefore, were it not for the difficulty hereinafter mentioned, the judgment should be reversed and a new trial granted. The defendants, G. Alex. Weber and Frank E. Weber, who were the partners carrying on the business, do not in their testimony deny that the husband was at their place of business. They admit that they were advised of the filing of the notice with the public authorities by the plaintiff, as by her alleged; but they claim that they did not know that the person who obtained liquor from them as charged was the person named in the notice. This cannot avail as a defense. It does not appear that the defendants made the slightest effort to obtain information on this point. Under these circumstances, ignorance affords no sufficient excuse. The defendants acted at their peril. Besides, it sufficiently appears from the record that the jury were warranted in finding from the testimony that the defendants knew the husband, and were acquainted with his habits.

The petition in error in this case was filed by Frank E. Weber and G. Alex. Weber. The record shows that as to Frank E. Weber a new trial was granted by the court of common pleas. He is not therefore a proper party to the petition in error, as no judgment was rendered against him; and as to him the petition in error must be dismissed, leaving it to stand as to G. Alex. Weber. Alexander Weber is not a party to the proceeding in error. We are of the opinion, as before stated, that as to him the judgment should be reversed and a new trial granted; but we are powerless to act in his behalf, for the reason before stated; that he is not before us as a plaintiff in error. We would permit him by amendment to join in the proceeding, did not the record show that final judgment was rendered by the court of common pleas on the 18th day of March, 1895, more than six months since. The period within which a petition in error may be filed has therefore expired, and it is too late for him to seek relief by petition in error.

It follows that the judgment of the court of common pleas must be affirmed, with costs, but without penalty; and such is the judgment of this court.

*James E. Pilliod*, for Plaintiff in Error.

*C. S. Curtis*, for Defendant in Error.